DUDLEY P. BAILEY *versus* WARREN LOUD and AMBROSE MERRILL, *Trustee.*

The indorser of a negotiable promissory note, being exempt from liability to trustee process, on account thereof, his exemption is not affected, where a suit had been commenced by the promisee against the indorser, which was pending when the trustee process was instituted, and had been submitted to the Court, with jury powers, " to enter such judgment as the law and the facts may warrant," whose decision was that the indorser was liable upon the note.

EXCEPTIONS by plaintiff to the ruling of RICE, J., discharging the supposed trustee, upon his disclosure.

The said Merrill at the first term appeared and disclosed, as follows: — " There is a suit pending in this Court, in favor of said principal defendant against said supposed trustee, as indorser of a note for $5000, dated December 17, 1855, payable to the order of Rufus K. Page in one year, and indorsed by said Page, which suit is not yet determined, and upon which said supposed trustee claims that he is not liable to the said Loud."

At a subsequent term, the said Merrill further disclosed, " that on January 5th, A. D. 1857, the said Warren Loud commenced an action against the said Merrill, as an indorser of a note for $5000, dated December 17th, 1855, payable to the order of Rufus K. Page in one year, and indorsed by said Page; which action was returnable to and entered in said Supreme Judicial Court for said county of Kennebec, at the March term thereof, A. D. 1857, and was therein continued from term to term, until the November term of said Court, A. D. 1857, when the evidence in the case was taken out and the action continued and carried to the then next law term of said Court, upon a report of the evidence under an agreement of the parties thereto, as follows, viz : —

" It is agreed that the Court may draw such inferences as a jury might, and enter such judgment as the law and the facts may warrant."

Said action was further continued in said Court, and, on

the second day of March, A. D. 1859, a decision was received from the full Court in said action that the said Merrill should be defaulted. Judgment for balance due on note and interest thereon, after deducting $302,50."

The presiding Judge decided that the trustee should be discharged, and ruled that the liability of Merrill was merely as indorser of a negotiable promissory note, and that the agreement, and facts stated in his disclosure, do not change his exemption from liability to said process, or render him liable.

The full Court sustained this ruling, and directed an entry of                                     *Exceptions overruled.*